Yeates, Justice.
I cannot see how the verdict in the present cause can be received in evidence in any suit hereafter to be brought against Sensenigh, by the representatives of Stephens the elder. Neither he nor they are parties hereto, and have not the benefit of a cross examination. To each of them it is res nova, inter cilios acta. Nor can Sensenigh by any possibility, either gain or lose by the event of this action. The rule laid down by Lord Chief Justice Kenyon fully settles the point. Reliance has been placed on the case of the carrier cited from Bull. Ni. Pri. 243. There the evidence given by the carrier, against the wrongful holder of the goods, with the verdict obtained by him, were again received in evidence against the carrier, when the owner sued him for the same goods. It was strong proof against him that he had the last plaintiff’s goods. *198 It amounts to the carrier’s confession in a court of record. But are the two cases parallel ? If Stephens’s executors or administrators sued Sensenigh on this bond for 140I., could the latter give the verdict in this cause in evidence, and shew that by his testimony, the bond had been proved to be fully discharged ? The absurdity is too gross to be pressed for one moment.
Messrs. C. Smith and Henderson, pro quer.
Messrs. Duncan, Walker and Allison, pro def.
Indeed, it seemed almost unnecessary to determiné the present question. It is agreed, that the deposition may be received, to shew that Sensenigh executed a bond for the balance of the consideration money, pursuant to the articles. If that is proved, *an equitable estate would vest in Sensenigh under the *199] agreement, which would pass by the sheriff’s sale, though if the bond remained unpaid, the premises might be chargeable with the payment thereof.
Brackenridge, J.
Arguments respecting testimony are a delightful part of the practice of the law; they shew the good generalship of the contending counsel.
The plaintiff claims under an agreement with Stephens, in equity. The defendant holds under a conveyance from his heirs, at law. Sensenigh is liable for the money on the bond, in all events, if it has not been paid. Admitting that in a suit on the bond, the verdict here might be given in evidence by Sensenigh, still it would be but prima facie evidence, that the money was paid ; and it might be repelled by shewing, that the verdict was founded in part, on the testimony of the party himself. The radical principle respecting verdicts, is that they may affect the interest of the witness or party.
The deposition was read in evidence.
It was then objected by the defendant’s counsel, that the plaintiff could not succeed, unless a conveyance from Bell of his •warrant right to Stephens was shewn.
To this, the plaintiff’s counsel answered, that they also claimed under Armstrong’s survey, and the consequent possession of Stephens under the agreement'with Bell. Besides, a grant from Bell may be presumed, from his non-claim and acquiescence since 1775. The defendant also claims under a conveyance from the heirs of Stephens, and shall not now be admitted to disaffirm that right.
The court said, that this objection in the mouth of the defendant, who held under Stephen’s title, against the sheriff’s vendee, came with an ill grace from him. The jury would however weigh all the presumptions, and circumstances attending the case.
The plaintiff obtained a verdict without further controversy.